■　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BARDWELL, Appellant.— Judgment rendered in Supreme Court, New York County, on January 17, 1973, insofar as it imposes sentence, is unanimously reversed, on the law, and the case remanded to the Criminal Term of the Supreme Court, New York County, for resentencing; and otherwise affirmed. The record indicates that at the time of sentencing, the court failed to comply with the mandatory provisions of CPL 380.50 in not inquiring of defendant whether he wished to make a statement personally in his own behalf. Failure to do so constitutes error necessitating a reversal of the sentence and a remand for resentencing. (*People* v. *Lotz,* 42 A D 2d 900; *People* v. *Williams,* 42 A D 2d 931; *People* v. *Rojas,* 42 A D 2d 945; and cases cited therein.) Concur — McGivern, P. J., Nunez, Kupferman, Lupiano and Macken, JJ.

■　In the Matter of POLLDON RESTAURANT, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Order of suspension of State Liquor Authority dated May 29, 1974, unanimously confirmed, without costs and without disbursements. Order of recall of State Liquor Authority dated May 29, 1974, unanimously annulled, on the law, without costs and without disbursements. Two orders of the State Liquor Authority are challenged in this article 78 proceeding. An order of suspension for 30 days followed a hearing in regard to an incident that took place on March 11, 1973. There was highly conflicting testimony as to this occurrence and we cannot say that the authority's finding lacked substantial evidentiary support. Hence, the suspension is confirmed. The recall was based on a claimed adverse license history. The authority submitted seven police reports and the reports of its own investigators. As no hearing is statutorily mandated for an order of recall, the substantial evidence rule is not applicable. Instead, the authority must show a rational basis for its action (*Matter of 125 Bar Corp.* v. *State Liq. Auth.,* 24 N Y 2d 174). To show this the authority introduced seven police reports of incidents. With the single exception of the incident on March 11, 1973, none of these took place in the licensed premises. No connection between a failure to keep order in the premises and what took place outside was shown. Under these circumstances no rational basis for recall was shown. Concur — McGivern, P. J., Markewich, Lupiano, Steuer and Tilzer, JJ.